# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>RUDY ESPUDO *et al.*,<br><br>                    Defendants. | CASE NOS. 12-CR-236 - IEG<br><br>**ORDER DENYING ESPUDO'S MOTION TO SUPPRESS WIRETAP EVIDENCE**<br><br>[Doc. No. 929.] |

Before the Court is Defendant Rudy Espudo's motion to suppress wiretap evidence based on material omissions from the February 25, 2011 wiretap affidavit. [Doc. No. 929.] For the reasons below, Espudo's motion is **DENIED**.

## BACKGROUND

This case involves charges of conspiracy, racketeering, illegal drug distribution, extortion, and money laundering in connection with the Mexican Mafia prison gang and several affiliated Sureno street gangs operating in northern San Diego county.

On February 6, 2013, the Court heard oral argument on Espudo's (second) motion to suppress regarding whether facts incorporated into the February 25, 2011 wiretap affidavit established that co-defendants were victims, not co-conspirators, therefore rendering the wiretap unnecessary, [Doc. No. 887]. [*See* Doc. No. 910.] On February 18, 2013, Espudo filed the present motion to suppress, regarding whether, under *Franks v. Delaware*, 438 U.S. 154 (1978), facts omitted from the

February 25, 2011 wiretap affidavit establish that co-defendants were victims, not co-conspirators, therefore rendering the wiretap unnecessary ("*Franks* motion"). [Doc. No. 929.] On February 20, 2013, the United States filed a response, which characterized Espudo's *Franks* motion as supplemental briefing in support of his second motion; however, it failed to address any of Espudo's arguments under *Franks*. [Doc. No. 930.] On February 21, 2013, the Court denied Espudo's second motion to suppress, [Doc. No. 931], and on February 22, 2013, ordered a supplemental response to Espudo's *Franks* motion, [Doc. No. 932], which the Government filed on March 17, 2013, [Doc. No. 954]. Espudo's *Franks* motion was heard April 19, 2013. [*See* Doc. No. 1017.] Espudo filed a reply in support on April 22, 2013. [Doc. No. 1018.]

## DISCUSSION

In *Franks v. Delaware*, the Supreme Court established a two-prong test for challenging the sufficiency of a warrant affidavit, 438 U.S. 154, 155-56 (1978), and this procedure also applies to wiretap applications, *see United States v. Gonzalez*, 412 F.3d 1102, 1111 (9th Cir. 2005). However, "[t]he [Supreme] Court was careful . . . to avoid creating a rule which would make evidentiary hearings into an affiant's veracity commonplace, obtainable on a bare allegation of bad faith. It crafted, therefore, a rule of very limited scope." *United States v. Chesher*, 678 F.2d 1353, 1360 (9th Cir. 1982). "A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). "The movant bears the burden of proof and must make a substantial showing to support both elements." *Chavez-Miranda*, 306 F.3d at 979.

Here, Espudo fails to make either required showing. His motion makes no attempt to show, indeed fails to even acknowledge the requirement of, intent or

recklessness. This failure alone is fatal. *See United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) ("Given the assumption of validity underlying a supporting affidavit, a party moving for a *Franks* hearing must submit 'allegations of deliberate falsehood or of a reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'") (quoting *Franks*, 438 U.S. at 171)).

Moreover, the facts Espudo contends were omitted are plainly immaterial to the sufficiency of the wiretap application. Espudo previously filed a motion to suppress arguing that facts *incorporated into* the February 25, 2011 wiretap affidavit established that co-defendants were victims, not co-conspirators, and thus that the wiretap was unnecessary. [Doc. No. 887]. The Court rejected this argument because status as a victim does not preclude status as a co-conspirator, and in any event such status is immaterial to the necessity and probable cause findings underpinning the wiretap. [*See* Doc. No. 931 (citing *U.S. v. Kotun*, 479 Fed. App'x 754, 755 (9th Cir. July 3, 2012) ("co-conspirators can be victims") (citing *U.S. v. Vought*, 69 F.3d 1498, 1502 (9th Cir. 1995))).] Thus, even if the facts in the Feb. 25 affidavit did establish co-defendants as victims, it would be inconsequential to sufficiency of the wiretap affidavit. [*See* Doc. No. 931]

With the present motion, Espudo makes the reciprocal, yet equally inconsequential, argument that facts *omitted from* the Feb. 25 affidavit establish that the co-defendants were victims, not co-conspirators, and thus that the wiretap was unnecessary. In particular, Espudo asserts that summaries of recorded telephone conversations of Defendant Cynthia Varela fail to state "that Varela was actually crying" and that "her crying and fear could be heard and felt throughout the conversation[s]." [Doc. No. 929 at 6 n.11.] These facts are immaterial because even if they were included and in fact establish Varela as a victim, that showing would still be of no consequence to the necessity and probable cause determinations underpinning the wiretap. [*See* Doc. No. 931 (finding status as victim immaterial).] Because these facts are immaterial, they cannot warrant a *Franks* hearing, much less suppression. *Reeves*, 210 F.3d at 1044 ("If inclusion of the omitted facts would not

have affected the probable cause determination, no *Franks* hearing is required."). Accordingly, Espudo's *Franks* motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Espudo's present motion to suppress.

**IT IS SO ORDERED.**

**DATED:** May 2, 2013

_____
**IRMA E. GONZALEZ**
**United States District Judge**