1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

UNITED STATES OF AMERICA,

11

Plaintiff,

12

v.

13

14

15

RUDY ESPUDO (1);
MIGUEL GRADO (4);
JULIO SOLORZANO (12);
JOSE CORNEJO (16).

16

17

Defendants.

18

CASE NO. 12cr236-GPC
Related Case No.   16cv1433-GPC
                              16cv0738-GPC
                              16cv1455-GPC
                              16cv1410-GPC

**NOTICE OF TENTATIVE RULING
ON PETITIONERS ESPUDO,
GRADO, SOLORZANO AND
CORNEJO'S MOTIONS TO
VACATE, SET ASIDE OR
CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

19

20

21

22

23

24

25

Petitioners Rudy Esputo, Miguel Grado, Julio Solorzano and Jose Cornejo (collectively "Petitioners"), proceeding with counsel, filed motions to vacate, set aside, or correct their sentence pursuant to 28 U.S.C § 2255.  (Dkt. Nos. 1967, 1968, 1970, 1971.)  Respondent filed a response to the petitions. (Dkt. No. 2016).  Petitioners filed their replies.  (Dkt. Nos. 2019, 2020, 2021, 2022.)   After a review of the briefs, supporting documentation and the applicable law, the Court issues the following tentative ruling in advance of the hearing.

26

**Background**

27

28

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO")

[12CR236]

conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area.  (Dkt. No. 1.)  A Superseding Indictment was returned on August 2, 2012 as to counts charged against Petitioners Espudo and Grado. (Dkt. No. 627.)   A Second Superseding Indictment was returned on June 6, 2013 as to charges against Petitioners Solorzano and Cornejo.  (Dkt. No. 1115.)

**A.    Miguel Grado**

On April 30, 2013, Grado pled guilty, without a plea agreement, to four counts in the Superseding Indictment:  Count 1 for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d); Count 2 for Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846; Count 8 for Aiding and Abetting Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 11 for Aiding and Abetting Discharge of a Firearm in Relation to a Crime of Violence and a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.  (Dkt. Nos. 627; 1024; 1970, Grado Am. Pet., Ex. B (change of plea transcript.)

Count 11 of the Superseding Indictment concerning the violation of § 924(c)(1)(A) charged,

Count 11<br>Discharge of a Firearm in Relation to<br>a Crime of Violence and a Drug-Trafficking Crime

On or about October 15, 2011, within the Southern District of California, defendants MIGUEL GRADO . . . did knowingly and intentionally discharge a firearm during and in relation to a crime of violence and a drug-trafficking crime, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraphs a, c and e, of Count 1; and the conspiracy to distribute Schedule II Controlled Substances alleged in Count 2 of this Superseding Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A), and 2 and <u>Pinkerton v. United States</u>, 328 U.S. 640 (2946).

(Dkt. No. 627 at 83-84.)

1    The Presentence Investigation Report ("PSR") calculated a United States
2    Sentencing Guidelines ("USSG") range of 235 to 293 months for Counts 1, 2 and 8 and
3    a mandatory consecutive term of 10 years for Count 11. (Dkt. No. 1342 at 22, 24.) In
4    the PSR, Count 11 was listed as "18 U.S.C §§ 924(c)(1)(A), and 2, Discharge of a
5    Firearm in Relation to a Drug-Trafficking Offense, a Class C felony." (Id. at 1.)

6    At the change of plea hearing, references were made that Count 11 was based on
7    a crime of violence and a drug trafficking crime under § 924(c), and Grado understood
8    the maximum penalties he would face for this count. (Dkt. No. 1970, Grado Am. Pet.,
9    Ex. B.)

10   On October 21, 2013, the sentencing judge sentenced Grado to 175 months in
11   custody for Counts 1, 2, and 8 to run concurrently and 120 months custody as to Count
12   11 to run consecutive to Counts 1, 2 and 8 for a total of 295 months. (Dkt. Nos. 1538,
13   1585.) Grado did not appeal his sentence or conviction.  In the Judgment, Count 11
14   was presented as "Discharge of a Firearm During and in Relation to a Crime of
15   Violence and a Drug Trafficking Crime." Id.

16   **B.    Rudy Espudo**

17   On May 23, 2013, Espudo pled guilty, without a plea agreement, to three counts
18   of the Superseding Indictment:  Count 1 for Conspiracy to Conduct Enterprise Affairs
19   Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d); Count
20   2 for Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21
21   U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846; and Count 12 for
22   Brandishing of a Firearm in Relation to a Crime of Violence and a Drug Trafficking
23   Crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.  (Dkt. Nos. 627;
24   1971, Pet., Ex. B at 114.)  As

25   Count 12 of the Superseding Indictment charged,

26                              Count 12
                Brandishing of a Firearm in Relation to
27           a Crime of Violence and a Drug-Trafficking Crime

28   On or about November 16, 2011, within the Southern District of
     California,  defendant  RUDY  ESPUDO  did  knowingly  and

- 3 -                                    [12CR236]

1
2
3
4
5

> intentionally brandish a firearm during and in relation to a crime of
> violence and a drug-trafficking crime, to wit: the racketeering
> conspiracy alleged in Count 1 of this Superseding Indictment, in that
> said racketeering conspiracy involved the commission of the offenses
> specified in paragraph 15, subparagraphs c, d and e, of Count 1; and
> the conspiracy to distribute Schedule II Controlled Substances alleged
> in Count 2 of this Superseding Indictment; in violation of Title 18,
> United States Code, Sections 924(c)(1)(A), and 2 and <u>Pinkerton v.
> United States</u>, 328 U.S. 640 (1946).

6
7

(Dkt. No. 627 at 84.)

8
9
10
11
12
13
14
15
16
17

At the change of plea hearing, it was clarified that Espuda aided and abetted the brandishing of a firearm since he was not present at the scene. (Dkt. No. 1971, Espudo Pet., Ex. B at 114.)  As to Count 12, Espudo agreed to the maximum sentence to be imposed agreeing that the government would have to prove that he knowingly engaged in a RICO conspiracy which is a crime of violence and he "knowingly aided and abetted another individual in brandishing a firearm as part of the commission of a racketeering conspiracy involving extortion, robbery and distribution of controlled substances" which is a crime of violence and drug-trafficking crime, "as well as conspiracy to distribute controlled substance, . . . a drug-trafficking crime in violation of 21 U.S.C. section 841, 846." (<u>Id.</u> at 137-38.)

18
19
20
21
22
23
24
25
26
27
28

As to Counts 1 and 2, the PSR calculated a Guidelines range of 376 to 449 months with a mandatory consecutive term of 7 years for Count 12.  (Dkt. No. 1513 at 35.)  The PSR listed Count 12 as "Ct. 12:18 U.S.C § 924(c)(1)(A)(ii), and 2 and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946), Brandishing a Firearm in Relation to a Crime of Violence and a Drug-Trafficking Crime." (<u>Id.</u> at 1.)  At the sentencing hearing, the Court imposed 336 months custody for Counts 1 and 2 and seven years custody for § 924(c) to run consecutively.  (Dkt. Nos. 1579, 1597.)  According to the Judgment, Count 12 was listed as "Brandishing a Firearm During and in Relation to a Drug-Trafficking Crime." (Dkt. No. 1597 at 1.)  Espudo appealed his sentence but he subsequently filed a motion voluntarily dismissing his appeal which was granted on December 9, 2014.

/ / / /

[12CR236]

## C.    Julio Solorzano and Jose Cornejo

Solorzano and Cornejo were tried by a jury on Count 1 of the Second Superseding Indictment for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, 18 U.S.C. § 1962(d); Count 3 for Violent Crime in Aid of Racketeering (Attempted Murder and Assault with a Dangerous Weapon of R.T. and S.V.); and Count 20 for Discharge of a Firearm in Relation to a Crime of Violence.  (Dkt. No. 1115.)

In October 2013, a jury returned a verdict and found Solorzano and Cornejo guilty of Counts 1 and 20 and not guilty of Count 3.  (Dkt. Nos. 1438 (Cornejo), 1437 (Solorzano).)  Cornejo and Solorzano subsequently entered into a written plea and sentencing agreement that also resolved pending state charges of assault with a semiautomatic firearm and robbery to be served concurrently with his federal sentence.  (Dkt. Nos. 1554 (Solorzano); 1555 (Cornejo).)

On October 23, 2013, Solorzano was sentenced to a term of 120 months in custody on Count 1 and 120 months in custody on Count 20 to run consecutive to Count 1 for a total of 240 months.  (Dkt. Nos. 1559, 1586.) On October 23, 2013, Cornejo was sentenced for a term of 108 months for Count 1 and 120 months as to Count 20 to run consecutive to Count 1.  (Dkt. Nos. 1560, 1600.)

## Discussion

## A.    Legal Standard on 28 U.S.C. § 2255

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).  To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  United

[12CR236]

1  States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S.

2  424, 428 (1962)).

3  **B.      Johnson v. United States Ruling**

4          In Johnson v. United States, the United States Supreme Court held that imposing

5  an increased sentence under the residual clause of the Armed Career Criminal Act of

6  1984 ("ACCA") for "any crime punishable by imprisonment for a term exceeding one

7  year . . . that – (ii) otherwise involves conduct that presents a serious potential risk of

8  physical injury to another", 18 U.S.C. § 924(e)(2)(B)(ii), violates the constitutional

9  right to due process.  Johnson v. United States, 135 S. Ct. 2551, 2555 (2015).  The

10  ACCA "imposes a special mandatory fifteen year prison term upon felons who

11  unlawfully possess a firearm and who also have three or more previous convictions for

12  committing certain drug crimes or 'violent felon[ies].'"  Begay v. United States, 128

13  S.Ct. 1581, 1583 (2008).  The ACCA's defines a "violent felony" as follows:

14      any crime punishable by imprisonment for a term exceeding one year
        . . . that-
15      (i) has as an element the use, attempted use, or threatened use of
16      physical force against the person of another[1], or
        (ii) is burglary, arson, or extortion, involves use of explosives,[2] or
17      otherwise involves conduct that presents a serious potential risk of
        physical injury to another.[3]
18

19  18 U.S.C. § 924(e)(2)(B).
20
        In Johnson, the Court held the ACCA's residual clause, is void for vagueness
21
    and "imposing an increased sentence under the residual clause of the Armed Career
22
    Criminal Act violates the Constitution's guarantee of due process."  Johnson, 135 S.
23
    Ct. at 2563.  The Court explained that "[w]e are convinced that the indeterminacy of
24
    the wide-ranging inquiry required by the residual clause both denies fair notice to
25

26          [1]This section is referred to as the "elements" or "force" clause.

27          [2]This section is referred to as the "enumerated offenses clause."  See Johnson,
    135 S. Ct. at 2559, 2563.
28
            [3] This section has become known as the "residual clause."  Id. at 2556.

defendants and invites arbitrary enforcement by judges." Id. at 2557.  The Court expressly stated the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses.  Id.  Moreover, it rejected the government and dissent's position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt" by responding, "[n]ot at all." Id. at 2561.

Petitioners argue that under Johnson, RICO conspiracy is no longer a "crime of violence" under 18 U.S.C. § 924(c) because the definition of "crime of violence" under residual clause of the ACCA, now declared unconstitutional, contains similar language to the "crime of violence" definition under § 924(c).  They further argue that RICO conspiracy is also not a "crime of violence" under the force clause.  Since RICO conspiracy is not a crime of violence under the force clause and the residual clause, their mandatory enhanced sentences should be corrected.  Respondent contends that despite Petitioners' Johnson argument, Espudo, Grado, Solorzano, and Cornejo would nevertheless be subject to the provisions of § 924(c) because they committed other crimes of violence or drug trafficking crimes.  As to Figueroa, the government argues that RICO conspiracy and Hobbs Act robbery  remain crimes of violence under § 924(c).

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime."  See 18 U.S.C. § 924(c).[4]  Section

---

[4]Section 924(c)(1)(A) provides,

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,

[12CR236]

924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[5]  A defendant may be subject to a sentencing enhancement under § 924(c) if he or she is convicted of either a "crime of violence or drug trafficking crime." See 18 U.S.C. § 924(c).

**B.    Espudo and Grado**

The government argues that despite Espudo and Grado's reliance on Johnson to challenge their RICO conspiracy sentence, their sentences under § 924(c) should still be upheld because they were also convicted of other crimes subject to § 924(c).  In their replies, Espudo and Grado argue that the record is not clear whether the § 924(c) conviction rested on acts involving a crime of violence or acts involving drug trafficking and it could be argued the § 924(c) convicted rested solely on a crime of

---

> shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[5] Courts have referred to subsection (A) as the "elements" or "force" clause and subsection (B) as the "residual clause." United States v. Abdul-Samad, No. 10-CR-2792 WQH, 2016 WL 5118456, at *3 (S.D. Cal. Sept. 21, 2016).

[12CR236]

violence.[6]  (Dkt. Nos. 2019 at 8; Dkt. No. 2020 at 8.)

Both Grado and Espudo pled guilty to RICO conspiracy and other crimes.   As to other crimes, Grado pled guilty to Counts 2 and 8 of the Superseding Indictment for drug trafficking crimes under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846.  (Dkt. No. 627 at 80, 82).  Count 11, concerning the firearm enhancement, charged Grado with aiding and abetting the discharge of a firearm in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (Dkt. No.  627 at 83-84.)  Similarly, Espudo pled guilty to Count 2 of the Superseding Indictment for drug trafficking crimes under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846 and brandishing a firearm in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. No. 627 at 80, 84.)

The  PSR as well as the Judgments specifically list the bases of the § 924(c) convictions to be for crimes of violence and drug trafficking crimes.  (Dkt. Nos. 1342; 1585; 1513, 1597.)  The colloquy at the plea hearing also confirm that the § 924(c) convictions were based on both the crimes of violence and a drug trafficking crimes. (See Dkt. No. 1970, Grado Am. Pet., Ex. B; Dkt. No. 1971, Espudo Pet., Ex. B.) Therefore, even if the Court agreed with Petitioners' argument that Johnson should provide them with relief, their mandatory enhanced sentence under § 924(c) must still be upheld because they would have been sentenced under § 924(c) for the drug trafficking crimes.  Contrary to Petitioners' argument, the record is clear that the enhancement under § 924(c) was for both crimes of violence and drug trafficking crimes.

Therefore, the Court tentatively DENIES Petitioners Grado and Espudo's motions to vacate,  set aside or correct sentence.

---

[6]Petitioners further argue the RICO conspiracy statute is indivisible and the categorical approach applies to determine whether a conviction is a crime of violence. However, the Court need not address this issue because the record is clear, and it is not disputed, that Espudo and Grado were separately convicted of drug trafficking crimes under 21 U.S.C. §§ 841 and 846.

[12CR236]

**C.    Solarzano and Cornejo**

The government also contends that despite Petitioners' arguments that <u>Johnson</u> invalidates their enhanced sentence, the jury made specific findings as to Solorzano and Cornejo that the § 924(c) offense occurred during and in relation to a "crime of violence" predicated not only on RICO conspiracy but also attempted murder in aid of racketeering and assault with a deadly weapon in aid of racketeering.  In their replies, Petitioners argues that Count 3 of the Second Superseding Indictment for violent crime in aid of racketeering (attempted murder and assault with a dangerous weapon of R.T. and S.V.) is not a crime of violence under § 924(c).

The jury found Solorzano and Cornejo guilty of RICO conspiracy in Count 1, not guilty of violent crime in aid of racketeering in Count 3, and guilty for discharge of a firearm in relation to a crime of violence in Count 20.  Count 20 states that

> On or about August 20, 2011, within the Southern District of California, defendants JULIO SOLORZANO and JOSE CORNEJO, did knowingly and intentionally discharge a firearm during and in relation to a crime of violence, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraphs a and c, of Count 1; and the violent crime in aid of racketeering alleged in Count 3 of this Superseding Indictment in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2 and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

(Dkt. No. 1115 at 66-67.)

The government argues that notwithstanding the conviction for RICO conspiracy, Cornejo and Solorzano were also convicted of discharge of a firearm in relation to a violent crime in aid of racketeering and is a separate alternative basis to sustain their conviction under § 924(c). Count 20 is based on a violation of Count 3 which charged Solorzano and Cornejo with violent crime in aid of racketeering of attempted murder in violation of California Penal Code sections 664 and 187(a), and assault with a dangerous weapon in violation of California Penal Code section 245,

[12CR236]

1   which are all in violation of 18 U.S.C. §§ 1959(a)(3) and (a)(5).  (Dkt. No. 1115 at 61.)

2       The jury specifically found both Petitioners were guilty of "discharge of a

3   firearm on or about August 20, 2011, in relation to a crime of violence, that is the

4   violent crime in aid of racketeering, as charged in Count 20 of the Superseding

5   Indictment."  (Dkt. Nos. 1437 (Solorzano), 1438 (Cornejo).)

6       The Violent Crimes in Aid of Racketeering statute ("VICAR"), 18 U.S.C. §

7   1959, punishes certain violent acts committed by a defendant "for the purpose of

8   gaining entrance to or maintaining or increasing position in an enterprise engaged in

9   racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon,

10  commits assault resulting in serious bodily injury upon, or threatens to commit a crime

11  of violence against any individual in violation of the laws of any State or the United

12  States, or attempts or conspires so to do, shall be punished – . . . ."  18 U.S.C. §

13  1959(a).

14      Petitioners both argue that attempted murder and assault with a deadly weapon

15  are not crimes of violence under § 924(c) since the elements do not categorically

16  involve the use, attempted use, or threatened use of physical force.  Petitioners urge

17  the Court to consider the generic definition of assault with a deadly weapon and murder

18  instead of the state law definition because while the Second Superseding Indictment

19  charged both with the California State definition of attempted murder and assault with

20  a deadly weapon, the jury instruction does not show whether the Court relied on

21  California law or not.  Based on the generic definition of murder and assault with a

22  deadly weapon, Solorzano and Cornejo argue these crimes do not qualify as a crime of

23  violence as they do not require the intentional use of force.

24      However, contrary to Petitioners' argument, the Court notes that the jury

25  instruction on assault with a deadly weapon tracks the California Criminal Jury

26  Instruction No. 875.  (Dkt. Nos. 2021, Cornejo's Reply, Ex. F; 2022, Solorzano's

27  Reply, Ex. F.)  The Ninth Circuit has held that assault with a deadly weapon under

28  California Penal Code section 245(a)(1) and (a)(2) is categorically a "crime of

violence" as defined under 8 U.S.C. § 16(a) & (b).  <u>United States v. Heron-Salinas</u>, 566

F.3d 898, 899 (9th Cir. 2009); <u>Ramirez v. Lynch</u>, 628 Fed. App'x 506 (9th Cir. Jan. 4,

2016) ("assault with a deadly weapon in violation of California Penal Code § 245(a)(1)

is categorically a crime of violence as defined in 18 U.S.C. § 16(a)").

8 U.S.C. § 16 defines a "crime of violence" as

(a) an offense that has as an element the use, attempted use, or
threatened use of physical force against the person or property of
another, or
(b) any other offense that is a felony and that, by its nature, involves a
substantial risk that physical force against the person or property of
another may be used in the course of committing the offense.

18 U.S.C. § 16.  Since the elements clause of 8 U.S.C. § 16 contains the same language

as the elements clause of § 924(c)(3)(A), the Court concludes that assault with a deadly

weapon under California Penal Code section 245 is a "crime of violence" under the

elements clause.[7]

As to the crime of attempted murder, the "attempt" portion of the jury instruction

comes from the Ninth Circuit Manual of Model Criminal Jury Instruction No. 503 and

the "murder" portion tracks California Criminal Jury Instruction No. 520.  While there

are no cases that have determined whether murder under California law constitutes a

crime of violence under § 924(c), the Court need not address the issue as Petitioners

would still have been sentenced under § 924(c) for violent crime in aid of racketeering

of assault with a dangerous weapon.

Thus, the Court tentatively DENIES Petitioners Solorzano and Cornejo's

petitions to vacate, set aside or correct sentence.

/ / / /

/ / / /

/ / / /

---

[7]While the Superseding Indictment is not clear what provisions under California
Penal Code section 245 applies to Petitioners, it appears that section 245(a)(2) for "any
person who commits and assault upon the person of another with a firearm" would be
the relevant provision.

[12CR236]

**Conclusion**

Counsel are advised that the Court's rulings are tentative and the Court will entertain additional arguments at the hearing.

DATED:  January 30, 2017

HON. GONZALO P. CURIEL
United States District Judge

[12CR236]